UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT C. SMITH,<br><br>　　　　　Plaintiff,<br>　　　v.<br><br>GINA PENROSE, LT. CREWSE, RICHARD MORGAN, MARGE LITTRELL, LYNNE DELANO, ELDON VAIL, and JAMES HARTFORD,<br><br>　　　　　Defendants. | NO. CV-06-0148-LRS<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

**BEFORE THE COURT** is Plaintiff's Motion for Preliminary Injunction (**Ct. Rec. 14**) filed pursuant to Fed. R. Civ. P. 65 on July 24, 2006. Defendant asks the Court to enjoin Defendants from the "continuous use of the cover-up and retaliatory conduct of the sexual assault by [D]efendant Penrose upon [P]laintiff as a basis for classification, administrative segregation, and the disciplinary processes...and to immediately release [P]laintiff from Intensive Management Unit ('IMU'), and place him at Twin Rivers Unit at Monroe Correctional Complex."  Ct. Rec. 14 at 1-2.  This motion was filed by Scott C. Smith, who is appearing *pro se* for the purposes of these proceedings.

ORDER - 1

## I. BACKGROUND

Plaintiff is a Washington State prison inmate currently incarcerated at the Stafford Creek Corrections Center (SCCC). Plaintiff alleges that his Constitutional rights were violated when he was sexually harassed by Defendant Penrose, and retaliated against by Defendants Crewse, Morgan, Littrell, Vail and Hartford for reporting this assault. Ct. Rec. 14 at 2.

Plaintiff alleges that Penrose, a Department of Corrections Counselor, attempted to "engage [Plaintiff] in sexual activity in exchange for a custody promotion, facility transfer and earned time credits." Ct. Rec. 17 at 2. Plaintiff further alleges that, upon his refusal to engage in sexual activity with Defendant Penrose, Defendant Penrose threatened Plaintiff by telling him "you'll never get a promotion or transfer". *Id.* Plaintiff alleges that the sexual assault violated his rights under the Eighth Amendment of the Constitution (*Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004)) and was prohibited under RCW 9a.44.160. Ct. Rec. 15 at 9.

Plaintiff further alleges that Defendant Penrose retaliated against him by making recommendations to deny a custody promotion, facility transfer, earned time credits, and by later inappropriately acting as the Classification Chairperson and approving her own recommendations. Ct. Rec. 15 at 10.

Plaintiff also alleges that Defendants Crewse, Morgan, Littrell, Vail and Hartford unlawfully retaliated against him by intercepting and confiscating Plaintiff's mail on four occasions (Ct. Rec. 15 at

ORDER - 2

11, 15, 17, and 18), threatening Plaintiff with isolation time and being labeled a 'snitch' (Ct. Rec. 15 at 12), placing Plaintiff in involuntary protective custody (Ct. Rec. 15 at 13-14), placing Plaintiff in Administrative Segregation (Ct. Rec. 15 at 19-20), finding Plaintiff guilty of a disciplinary infraction (Ct. Rec. 15 at 21), placing Plaintiff in disciplinary isolation for ten days (Ct. Rec. 15 at 22), transferring Plaintiff to the IMU (Ct. Rec. 15 at 23), subjecting Plaintiff to repeated cell moves, searches, strip searches, and level demotions (Ct. Rec. 15 at 24), and transferring Plaintiff to SCCC (Ct. Rec. 15 at 25).

For the reasons set forth below, Plaintiff's Motion for Preliminary Injunction is **DENIED.**

## II. DISCUSSION

To obtain a preliminary injunction, Plaintiff must demonstrate either "(1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [Smith's] favor." *Nike, Inc. V. McCarthy,* 379 F.3d 576, 580 (9th Cir. 2004) (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991).

Injunctive relief is an "extraordinary and drastic remedy" (*Canal Authority of the State of Florida v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974)), and should be used only in "clear and plain" cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). When a Plaintiff seeks to enjoin the activity of a government agency, there is a long-standing rule that the government must be "granted the widest latitude in the

dispatch of its own internal affairs". *Walters v. Reno*, 145 F.3d 1031, 1048 (9th Cir. 1998). In cases involving state prison authorities, the judiciary must afford even more deference to the actions taken by those officials. *Turner v. Safley,* 482 U.S. 78, 85 (1987).

**A. PRISON LITIGATION REFORM ACT**

Plaintiff's Motion for Preliminary Injunction is governed by the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA). Under the PLRA, Plaintiff must show that: (1) one or more of his federal rights have been violated; (2) that the relief sought is narrowly drawn and does not extend further than necessary to correct the violation; and (3) the relief sought uses the least intrusive means necessary to correct the violation. 18 U.S.C. § 3626(a)(1)(A). On the basis of these standards, Plaintiff fails to demonstrate that he is entitled to preliminary injunctive relief.

Defendant argues that Plaintiff is not entitled to preliminary injunction because Plaintiff's motion does not satisfy any of the three PLRA criteria. (Ct. Rec. 22 at 5). Plaintiff's memorandum (Ct. Rec. 15) filed in support of his Motion for Preliminary Injunction does not address the PLRA, nor does Plaintiff's Reply in Support of Preliminary Injunction (Ct. Rec. 24).

**1. PRISONER MUST SHOW VIOLATION OF A FEDERAL RIGHT**

Plaintiff appears to claim violation of his federal rights on two grounds: (1) the alleged sexual assault by Defendant Penrose, and (2) retaliatory actions of prison officials, (Ct. Rec. 15 at 2).

ORDER - 4

Plaintiff has not met his burden with regard to either claim and is not entitled to preliminary injunctive relief.

Plaintiff alleges that Defendant Penrose, a Department of Corrections Counselor, violated Plaintiff's Eighth Amendment rights by attempting to engage in sexual contact in exchange for favorable treatment. Ct. Rec. 15 at 2. Defendant claims that he has "proved he was sexually assaulted by Penrose." Ct. Rec. 15 at 25. Defendant argues that Plaintiff's proof is nothing more than his own affidavit (Ct. Rec. 17), supported by declarations of fellow inmates that were found to be fraudulent by a Department of Corrections investigation. *See* Ct. Rec. 16-1 Exhibit 37. The Court agrees with Defendant that Plaintiff has failed to support his claim with anything more than bare allegations. Moreover, the Court notes that the Plaintiff is no longer housed in the prison where he alleges these violations occurred, and therefore, cannot show an ongoing constitutional violation.

Plaintiff alleges that Defendants retaliated against him by refusing to grant a custody promotion and transfer to the Twin Rivers Unit (TRU) at the Monroe Correction Complex. Ct. Rec. 15 at 3. The Ninth Circuit has long held that, though prisoners do not have a constitutional right to particular custody levels or facility placements, transfers and demotions may violate a prisoners First Amendment rights if they are motivated by a desire to curtail a prisoners protected speech activities. *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995). To find that such a violation has occurred,

ORDER - 5

Plaintiff must show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Id.* Plaintiff must also show that his constitutional rights were actually chilled. *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000). Retaliation claims must be evaluated with the deference accorded to prison officials. *Pratt,* 65 F.3d at 807. Absent factual support, bare allegations of retaliation are insufficient. *Rizzo,* 778 F.2d at 532 n.4; *accord Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that he was denied transfer to TRU and custody promotion by Defendants in retaliation for his efforts to expose the alleged sexual assault by Defendant Penrose. However, Plaintiff has failed to show that no legitimate correctional goals were advanced by the transfer and disciplinary actions taken by the prison officials. In fact, a number of exhibits attached to Plaintiff's Statement of Undisputed Facts demonstrate that Defendants consistently acted in furtherance of legitimate penological goals. *See* Ct. Rec. 16-1 Exhibits 20, 22, 27, 28, 29, 31, 36, 38 and Ct. Rec. 16-2 Exhibits 39-47, 50, 59, 61 and 62. Further analysis of the merits of Plaintiff's claims will wait until the parties' motions for summary judgment are ripe for this Court's review. However, Plaintiff is no longer incarcerated at the prison where he alleges the violations occurred, and therefore, cannot claim an ongoing constitutional violation. Plaintiff's allegations are insufficient to demonstrate that Defendants violated his federal rights by retaliation.

**2. RELIEF SOUGHT MUST BE NARROWLY DRAWN AND LEAST INTRUSIVE MEANS POSSIBLE**

Defendants also argue that the relief sought is not narrowly tailored to correct the alleged violations and is not the least intrusive means to correct the alleged violations. Ct. Rec. 22 at 7-8. Because Plaintiff has not established that a violation of his Federal rights has occurred, the Court need not rule on the second and third prongs of the PLRA.

**B. PRELIMINARY INJUNCTION UNDER FED. R. CIV. P. 65**

**1. LIKELIHOOD OF SUCCESS ON THE MERITS**

Plaintiff argues that he is entitled to a preliminary injunction because his claim is likely to succeed on the merits. Ct. Rec. 15 at 25. For the reasons stated above, the Court finds that Plaintiff has not established that he is likely to prevail on the merits and therefore, a preliminary injunction is not appropriate. However, further examination of the merits of this case will occur when Plaintiff's Motion for Summary Judgment (Ct. Rec. 45), and Defendants' Cross-motion for Summary Judgment (Ct. Rec. 60) are ripe for review.

**2. POSSIBILITY OF IRREPARABLE INJURY**

Plaintiff also argues that he is entitled to a preliminary injunction because he has suffered an irreparable injury. Ct. Rec. 15 at 27. Plaintiff cites *Warsoldier v. Woodford,* for the proposition that an allegation of a First Amendment claim is sufficient to establish an irreparable injury. 418 F.3d 989 (9th Cir. 2005). However, as discussed above, Plaintiff has not demonstrated that an ongoing retaliatory First Amendment violation is occurring. Further,

ORDER - 7

as argued by Defendant, even if all of the Plaintiff's allegations are true, Plaintiff has not shown that any of them are likely to result in irreparable injury if he is not transferred to TRU and granted a custody promotion. As noted above, Plaintiff is not currently incarcerated at the facility in which he alleges the violations occurred. Thus, Plaintiff has not demonstrated that he is likely to suffer irreparable injury if a preliminary injunction is not granted.

### 3. BALANCE OF POTENTIAL HARMS and PUBLIC INTEREST

Plaintiff states that the balance of potential harms favors granting a preliminary injunction because he has been subject to adverse living conditions resulting from various transfers and disciplinary actions undertaken by Defendants. Ct. Rec. 15 at 28-32. Defendants argue that the potential harms faced by the Department of Corrections and the public are great because allowing offenders to force custody level promotions or transfers on the basis of unsupported allegations threatens the safety and security of corrections facilities. Because the conditions and location of a prisoners incarceration are at the sole discretion of prison officials (*Turner*, 482 U.S. at 84-85), the Court finds that Plaintiff has not established that the balance of hardships and interests of the public favor granting Plaintiff's motion for preliminary injunction.

For the aforementioned reasons, Plaintiff has failed to demonstrate that he is entitled to preliminary injunctive relief under either Fed. R. Civ. P. 65 or the PLRA. Accordingly, Plaintiff's Motion for Preliminary Injunction (Ct. Rec. 14) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 19th  day of September, 2006.

                                    *s/Lonny R. Suko*
                                 _____
                                      LONNY R. SUKO
                               UNITED STATES DISTRICT JUDGE

ORDER - 9