UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SCOTT C. SMITH,

                    Plaintiff,

          v.

GINA PENROSE, LT. CREWSE,
RICHARD MORGAN, MARGE
LITTRELL, LYNNE DELANO,
ELDON VAIL, and JAMES
HARTFORD,

                    Defendants.

NO. CV-06-0148-LRS

**ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

    **BEFORE THE COURT** is Plaintiff's Motion for Partial Summary
Judgment (**Ct. Rec. 45**), and Defendant's Cross-Motion for Partial
Summary Judgment (**Ct. Rec. 60**).  These motions came at issue without
oral argument.  After a detailed review of the pleadings submitted by
both parties, this Court finds that Defendant Penrose is entitled to
summary judgment dismissal as a matter of law.

                          **I. BACKGROUND**

    Plaintiff is a Washington State prison inmate currently
incarcerated at the Stafford Creek Corrections Center (SCCC).
Plaintiff alleges that his Constitutional rights were violated when he

ORDER - 1

1   was sexually harassed by Defendant Penrose, and retaliated against by
2   Defendants Crewse, Morgan, Littrell, Vail and Hartford for reporting
3   the assault when he was incarcerated at the Washington State
4   Penitentiary in Walla, Walla.  *See* Complaint. (Ct. Rec. 1).

5       Plaintiff alleges that Penrose, a Department of Corrections
6   Classification Counselor, attempted to "engage [Plaintiff] in sexual
7   activity in exchange for a custody promotion, facility transfer and
8   earned time credits." *Id* at 7.  Plaintiff further alleges that, upon
9   his refusal to engage in sexual activity with Defendant Penrose,
10  Defendant Penrose threatened Plaintiff by telling him "you'll never
11  get a promotion or transfer". *Id at 7.*  Plaintiff alleges that the
12  sexual assault violated his rights under the Eighth Amendment of the
13  Constitution *Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004))
14  and was prohibited under RCW 9a.44.160.  See *Complaint.*

15      Plaintiff further alleges that Defendant Penrose retaliated
16  against him by making recommendations to deny a custody promotion,
17  facility transfer, earned time credits, and by later inappropriately
18  acting as the Classification Chairperson and approving her own
19  recommendations.

20      Plaintiff also alleges that Defendants Crewse, Morgan, Littrell,
21  Vail and Hartford unlawfully retaliated against him by intercepting
22  and confiscating Plaintiff's mail on four occasions, threatening
23  Plaintiff with isolation time and being labeled a 'snitch,' placing
24  Plaintiff in involuntary protective custody, placing Plaintiff in
25  Administrative Segregation, finding Plaintiff guilty of a disciplinary
26

ORDER - 2

infraction, placing Plaintiff in disciplinary isolation for ten days,
transferring Plaintiff to the IMU subjecting Plaintiff to repeated
cell moves, searches, strip searches, and level demotions, and
transferring Plaintiff to SCCC. *Id.*

Plaintiff's Motion for Partial Summary Judgment, and Defendant's
Cross-Motion for Partial Summary Judgment deal solely with the claims
against Defendant Penrose. Plaintiff claims that the documents he
submitted, including several declarations from fellow inmates,
claiming that Ms. Penrose sexually assaulted them, entitle him to
summary judgment. See Plaintiff's Motion for Partial Summary Judgment
(Ct. Rec. 45) and Plaintiff's Memorandum in Support of Motion for
Partial Summary Judgment (Ct. Rec. 47).

Defendant Penrose argues that Mr. Smith's claims are barred by
his failure to exhaust his administrative remedies, and that Mr. Smith
has failed to state a claim because Ms. Penrose did not sexually
assault the Plaintiff. (Ct. Rec. 60).

Defendant Penrose was the Classification Counselor for the
Plaintiff in March 2005. Ct. Rec. 61 at ¶1. Classification
Counselors' job duties include interviewing inmates concerning their
classification level for their annual review pursuant to Department of
Corrections Policy. *Id* at ¶3. In early March 2005, Defendant Penrose
interviewed Plaintiff for his annual review. During the course of the
meeting, Mr. Smith became angry, and yelled at Ms. Penrose. *Id* at 4.
The classification interview took place in Ms. Penrose's office.
Defendant Penrose's office chair sits directly in front of a large

ORDER - 3

window, and the Plaintiff sat in a chair across from the prison

official.  Defendant Penrose's desk was in between Ms. Penrose and

Plaintiff's chair.  Ct. Rec. 61 at ¶10.  The area in which Defendant

Penrose's office is located consists of four counselor offices, one

Unit Manager's Office, and one Sergeant's office.  Ct. Rec. 61 at ¶11[1].

For safety reasons, inmates are not allowed within the services

(office) area unless two or more staff members are also present.  *Id*

at ¶13.  The record reflects that Heidi Garrison was in her office

across from Ms. Penrose at the time the meeting with Mr. Smith

occurred.  Ct. Rec. 60 at ¶15.  Ms. Garrison observed Plaintiff

yelling at Ms. Penrose.  *Id* at 16.  She did not observe Defendant

Penrose touching Plaintiff at any point.  *Id*.

After the meeting, Ms. Penrose recommended that Mr. Smith remain

at close custody until he demonstrated positive behavior without

placement in segregation in the IMU.  The prison official's decision

was based on information gathered from Mr. Smith during the interview

process and the information in the inmate's central file.  Declaration

of Penrose at ¶15.

The Washington State Department of Corrections has an Offender

Grievance Program, which was first established in the early 1980s.

Ct. Rec. 61, Exhibit 3, Declaration of Devon Shrum at ¶3.  Inmates

have 20 days in which to grieve an issue.  *Id.*  The Grievance Process

---

[1]The Court notes that the photographs submitted by the Department of

Corrections support Defendant's position that this is an open area where

the actions of individuals, if any would be highly visible.

ORDER - 4

has four levels of review. *Id* at ¶6. The record shows that Mr. Smith is familiar with the grievance process, having filed 30 grievances between March 5, 2005 and May 31, 2006. *Id* at ¶11. Mr. Penrose filed a grievance concerning an alleged sexual assault on December 30, 2005 more than nine months after Plaintiff alleges the assault occurred. *Id* at ¶12.

## II. DISCUSSION

**A. Legal Standards**

### 1. *Summary Judgment*

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56c. The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine,' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)). The court

will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists will not preclude the use of summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### 2. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert.*

ORDER - 6

1 *denied*, 449 U.S. 975 (1980).  When a plaintiff fails to allege or

2 establish one of the three elements, his complaint must be dismissed.

3 **B.  Plaintiff Failed to Exhaust His Administrative Remedies**

4 The Prison Litigation Reform Act mandates that:

5 No action shall be brought with respect to prison conditions
under section 1983 of this title, or any other Federal law,

6 by a prisoner confined in any jail, prison, or other
correctional facility until such administrative remedies as

7 are available are exhausted.  42 U.S.C. § 1997 e (a).

8 As counsel for the Department of Corrections correctly point out,

9 the United States Supreme Court recently reaffirmed that proper

10 exhaustion of administrative remedies is a requirement before a

11 prisoner may bring a lawsuit.  *Woodford v. Ngo*, 126 S.Ct. 2378, 2385

12 (2006).  This includes complying with any timing requirements to

13 participate in the grievance process.  (In *Woodford*, California

14 inmates had 15 days in which to grieve an incident.)  As the Supreme

15 Court stated, "The benefits of exhaustion  can be realized only if the

16 prison grievance system is given a fair opportunity to consider the

17 grievance....A prisoner who does not want to participate in the prison

18 grievance system will have little incentive to comply with the

19 system's procedural rules unless noncompliance carries a sanction."

20 *Id* at 2388.

21 In addition, the United States Supreme Court has determined "that

22 the PLRA's exhaustion requirement applies to all inmate suits about

23 prison life whether they involve general circumstances or particular

24 episodes, and whether they allege excessive force or some other

25 wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

26

ORDER - 7

In the case currently before this Court, Mr. Smith did not grieve the alleged sexual assault until nine months after the alleged incident occurred.  Therefore, under *Woodford*, Plaintiff's claims against Ms. Penrose are barred, and must be dismissed.

**C.  Plaintiff's Retaliation Claim Fails.**

This Court agrees with Defendant Penrose that Plaintiff cannot demonstrate that retaliation was a substantial or motivating factor behind the Classification Counselor's recommendation that Mr. Smith remain at close custody until he demonstrated positive behavior and programming.  Ct. Rec. 60 at 11.

The Ninth Circuit has long held that, though prisoners do not have a constitutional right to particular custody level or facility placements, transfers and demotions may violate a prisoner's First Amendment rights if they are motivated by a desire to curtail a prisoner's protected speech activities.  *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995).  To find that such a violation has occurred, Plaintiff must show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  *Id.* Plaintiff must also show that his constitutional rights were actually chilled.  *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000). Retaliation claims must be evaluated with the deference accorded to prison officials.  *Pratt,* 65 F.3d at 807.  Absent factual support, bare allegations of retaliation are insufficient.  Rizzo v. Goode, 423 U.S. 362, 378 (1976).  The record supports Defendant Penrose's

ORDER - 8

position that the reason that Mr. Smith was not promoted to a lower custody (less restrictive) level included his behavior and the material contained in the Plaintiff's central file, not because of any retaliation or animosity Ms. Penrose harbored for the Plaintiff. A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). In addition, the Court notes that Plaintiff cannot show any injury because of Defendant Penrose's recommendation. Inmates may appeal their Classification decisions through five levels of review within the Washington State Department of Corrections. Ct. Rec. 61 at ¶ 31. Plaintiff's fourth level of review was performed by Correctional Program Manager Carla Schettler, who did not concur with Defendant Penrose's recommendations, and changed them to allow Plaintiff to promote to medium custody after Plaintiff completed the review process. *Id* at ¶ 33.

### III. CONCLUSION

For the reasons explained above, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment (**Ct. Rec 60**) is **GRANTED**. All of Plaintiff's claims against Defendant Penrose are **DISMISSED WITH PREJUDICE.**

2. Plaintiff's Motion for Partial Summary Judgment (**Ct. Rec. 45**) is **DENIED.**

ORDER - 9

1     **IT IS SO ORDERED**.  The Clerk is hereby directed to file this

2  Order, enter Judgment in favor of Defendant Penrose, furnish copies to

3  Plaintiff and counsel for Defendants.

4     **DATED** this 21st   day of March, 2007.

5

6                                  *s/Lonny R. Suko*

7                             LONNY R. SUKO
                      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER – 10