UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SCOTT C. SMITH,

              Plaintiff,

       v.

GINA PENROSE, LT. CREWSE,
RICHARD MORGAN, MARGE
LITTRELL, LYNNE DELANO,
ELDON VAIL, and JAMES
HARTFORD,

              Defendants.

NO. CV-06-0148-LRS

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

    **BEFORE THE COURT** is Plaintiff's Motion for Reconsideration of this Court's order granting Defendant Penrose's motion for summary judgment, (Ct. Rec. 114), filed March 30, 2007.

**DISCUSSION:**

    The Federal Rules of Civil Procedure do not expressly allow for motions for reconsideration. Nevertheless, a motion for reconsideration of judgment may be brought under either Rule 59(e) or Rule 60(b). *See Hinton v. Pacific Enter.*, 5 F.3d 391, 395 (9th Cir. 1993) (motion for reconsideration of summary judgment is appropriately brought under either rule). When a motion for reconsideration does not identify the Rule under which it was filed, courts in the Ninth

ORDER - 1

Circuit construe it as filed under Rule 59(e) if it was filed within ten days of the filing of the judgment. *Shapiro v. Paradise Valley Unified Sch. Dist.* No. 69, 374 F.3d 857, 863 (9th Cir. 2004); *Am. Ironworks & Erectors Inc.* v. N. Am. Constr. Corp., 248 F.3d 892,898-99 (9th Cir. 2001). The courts also provide for motions for reconsideration before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case. *U.S. v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (1970).

Motions for reconsideration offer an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Absent exceptional circumstances, only three types of arguments provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law." *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Plaintiff argues that he was following the rules regarding exhausting his administrative remedies within the prison system at the time that he filed the lawsuit. Ct. Rec. 114 at 2. Plaintiff Smith has failed in his briefing to demonstrate that the Court committed clear error or that there is an intervening change in the law. For these reasons, this Court stands by its March 21, 2007 order granting summary judgment dismissal of Defendant Penrose. (Ct. Rec. 104)

ORDER - 2

1      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration
2  (**Ct. Rec. 114**) is **DENIED**.

3      **IT IS SO ORDERED**.  The Clerk is hereby directed to file this
4  Order and furnish copies to Plaintiff and counsel for Defendants.

5      **DATED** this  6th   day of April, 2007.

6

7                              /s/ Lonny R. Suko
                             LONNY R. SUKO
8                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER – 3