UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SCOTT C. SMITH,

              Plaintiff,

        v.

GINA PENROSE, LT. CREWSE,
RICHARD MORGAN, MARGE
LITTRELL, LYNNE DELANO,
ELDON VAIL, and JAMES
HARTFORD,

              Defendants.

NO. CV-06-0148-LRS

**ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING
DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

    **BEFORE THE COURT** are Plaintiff's Motion for Partial Summary Judgment Re: Crewse(**Ct. Rec. 80**), and Defendant's Motion for Judgment on the Pleadings (**Ct. Rec. 88**). These motions came at issue without oral argument. After a detailed review of the pleadings submitted by both parties, this Court finds that Plaintiff's Motion for Partial Summary Judgment is **DENIED,** and the DOC officials are entitled to judgment on the pleadings as a matter of law. The Court notes that Defendant Gina Penrose has already been dismissed from this case as a matter of law. *See* Ct. Rec. 104.

ORDER - 1

**I. BACKGROUND**

Plaintiff is a Washington State prison inmate currently incarcerated at the Stafford Creek Corrections Center (SCCC). Plaintiff alleges that his Constitutional rights were violated when he was retaliated against by Defendants Crewse, Morgan, Littrell, Vail and Hartford for reporting an alleged assault when he was incarcerated at the Washington State Penitentiary in Walla, Walla. *See* Complaint. (Ct. Rec. 1).

Plaintiff alleges that Gina Penrose, a Department of Corrections Classification Counselor, attempted to "engage [Plaintiff] in sexual activity in exchange for a custody promotion, facility transfer and earned time credits." *Id* at 7. Plaintiff further alleges that, upon his refusal to engage in sexual activity with Defendant Penrose, Defendant Penrose threatened Plaintiff by telling him "you'll never get a promotion or transfer". *Id at 7.* Plaintiff alleges that the sexual assault violated his rights under the Eighth Amendment of the Constitution *Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004)) and was prohibited under RCW 9a.44.160. See *Complaint.*

Plaintiff further alleges that Defendant Penrose retaliated against him by making recommendations to deny a custody promotion, facility transfer, earned time credits, and by later inappropriately acting as the Classification Chairperson and approving her own recommendations.

Plaintiff also alleges that Defendants Crewse, Morgan, Littrell, Vail and Hartford unlawfully retaliated against him by intercepting

ORDER - 2

1  and confiscating Plaintiff's mail on four occasions, threatening

2  Plaintiff with isolation time and being labeled a 'snitch,' placing

3  Plaintiff in involuntary protective custody, placing Plaintiff in

4  Administrative Segregation, finding Plaintiff guilty of a disciplinary

5  infraction, placing Plaintiff in disciplinary isolation for ten days,

6  transferring Plaintiff to the IMU subjecting Plaintiff to repeated

7  cell moves, searches, strip searches, and level demotions, and

8  transferring Plaintiff to SCCC.  *Id.*  Hearing Officer Crewse was the

9  hearing officer at Mr. Smith's disciplinary hearing.  Crewse alleges

10  that at the December 14, 2005 disciplinary hearing, Plaintiff's due

11  process rights were violated.  Ct. Rec. 81 at 2.

12

13                    **II. DISCUSSION**

14  **A. LEGAL STANDARDS**

15      ***1.   Summary Judgment***

16      Summary judgment is proper only if "the pleadings, depositions,

17  answers to interrogatories, and admissions on file, together with the

18  affidavits, if any, show that there is no genuine issue as to any

19  material fact and the moving party is entitled to judgment as a matter

20  of law."  Fed.R.Civ.P. 56c.  The moving party bears the burden of

21  proving that no genuine issue of material fact exists.  *See Matsushita*

22  *Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10

23  (1986).  "Facts that could alter the outcome are 'material,' and

24  disputes are 'genuine,' if evidence exists from which a rational

25  person could conclude that the position of the person with the burden

26

ORDER - 3

of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3rd Cir. 1995) (internal citations omitted).  If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)).  The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3rd Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Mere disagreement or the bald assertion that a genuine issue of material fact exists will not preclude the use of summary judgment.  *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988).  If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### 2.   42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, at least two elements must be met:  (1) the defendant must be a person acting under color of

ORDER - 4

state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 975 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

**3.     Standard for Judgment on the Pleadings**

After the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12c. In reviewing a motion to dismiss under either Fed. R. Civ. P. 12c or Fed. R. Civ. P. 12(b)(6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), reh'g denied, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding pro se,

ORDER - 5

his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972).  While the court can liberally construe a pro se plaintiff's complaint, it cannot supply an essential fact that the plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

**B.    PLAINTIFF'S CLAIMS ARE BARRED BY THE FAVORABLE TERMINATION DOCTRINE**

     As Defendants argue in their motion for judgment on the pleadings, a prisoner may not bring a 42 U.S.C. § 1983 claim for damages if the judgment in his favor would "necessarily imply the invalidity of the punishment imposed" at a prison disciplinary hearing. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).  In that case, the prisoner alleged that he was found guilty at a prison disciplinary hearing because of what he considered to be deceit and bias on the part of the hearing officer. *Id.* at 649.  The Supreme Court held that allegations of deceit and bias were insufficient to state a claim under 42 U.S.C. §1983 if the prisoner had not already demonstrated that the guilty

ORDER - 6

finding was previously invalidated by a favorable ruling for the prisoner in a personal restraint petition.  In this instance, Mr. Smith cannot show that he filed a successful personal restraint petition relating to the December 2005 prison disciplinary hearing.  Therefore, Plaintiff's claims regarding the prison disciplinary hearing are dismissed.

**C.   PLAINTIFF'S RETALIATION CLAIM FAILS**

This Court agrees with Defendants that Plaintiff cannot demonstrate that retaliation was a substantial or motivating factor behind any of the actions that Plaintiff claims occurred.  The Ninth Circuit has long held that, though prisoners do not have a constitutional right to particular custody level or facility placements, transfers and demotions may violate a prisoner's First Amendment rights if they are motivated by a desire to curtail a prisoner's protected speech activities.  *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995).  To find that such a violation has occurred, Plaintiff must show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Id.*  Plaintiff must also show that his constitutional rights were actually chilled. *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).  Retaliation claims must be evaluated with the deference accorded to prison officials.  *Pratt,* 65 F.3d at 807.  Absent factual support, bare allegations of retaliation are insufficient. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).  The record supports the position of Defendants that

ORDER - 7

the reason that Mr. Smith was not promoted to a lower custody (less restrictive) level included his behavior and the material contained in the Plaintiff's central file, not because of any retaliation or animosity any of the named Defendants harbored for the Plaintiff.

A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001).  In addition, as noted in the earlier order granting Defendant's motion for summary judgment,  the Court notes that Plaintiff cannot show any injury because of any of the Defendants' actions.  Inmates may appeal their Classification decisions through five levels of review within the Washington State Department of Corrections.  Plaintiff's fourth level of review  was performed by Correctional Program Manager Carla Schettler, who did not concur with Defendant Penrose's recommendations, and changed them to allow Plaintiff to be promoted to medium custody after Plaintiff completed the review process.

**D. PLAINTIFF'S STATE CLAIMS**

Plaintiff includes several ethical violations for those individuals involved in state service on behalf of the Defendants.  The law governing such behavior is found in RCW 42.52.  As counsel for the Defendant correctly points out, a citizen may not bring an action under RCW 42.52 until he has notified the ethics board and the Attorney General and they have failed to commence an investigation.  RCW

ORDER - 8

42.52.460.  Mr. Smith has not complied with the statute, and therefore, his claims are dismissed, accordingly.

In addition, Plaintiff makes several allegations under the Washington Criminal Code. Any alleged criminal conduct is outside the jurisdiction of this Court. RCW 36.27.020(4).  Therefore, these claims are dismissed.

**E. PLAINTIFF'S MOTIONS FOR DEFAULT**

Plaintiff has filed two motions for default as to Lynne Delano (**Ct. Recs. 96 and 107**).  Counsel for Defendants has responded to the motions for default by explaining that Lynne Delano was never served with the lawsuit.  Ms. Delano is currently serving in the Peace Corps in Romania, and the Department of Corrections does not have a forwarding address for her.  (Ct. Rec. 98).  As Ms. Delano was never personally served with the summons and complaint as required by Fed R. 4 c(1), and Plaintiff has not provided a proof of service for Ms. Delano, this Court lacks jurisdiction over Ms. Delano. The claims against Ms. Delano are **DENIED WITHOUT PREJUDICE.**


**III. CONCLUSION**

For the reasons explained above, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Partial Summary Judgment (**Ct. Rec. 80**) is **DENIED.**  Defendant's Motion for Judgment on the Pleadings (**Ct. Rec. 88**) is **GRANTED.**  All of Plaintiff's claims against all remaining Defendants except Lynne Delano are **DISMISSED WITH PREJUDICE.**  As noted above, the claims against Ms. Delano are **DISMISSED WITHOUT PREJUDICE.**

ORDER - 9

2.   Plaintiff's Motions for Default (**Ct. Recs. 96 and 107**) are **DENIED**.  Plaintiff has also filed a motion asking that the filing fee for his lawsuit be taken out of his prison savings account, instead of the inmate account that he can access to purchase items.  The deductions from inmate trust accounts are governed by statute, and not within the discretion of the Court.  Therefore, Plaintiff's Motion to Pay Filing Fee (**Ct. Rec. 111**) is **DENIED**.

**IT IS SO ORDERED**.  The Clerk is hereby directed to file this Order, ENTER JUDGMENT in favor of all remaining DEFENDANTS, CLOSE THE FILE, and furnish copies to Plaintiff and counsel for Defendants.

**DATED** this _20th_ day of August, 2007.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 10